**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ROBERT J.,

                Plaintiff,

    v.                                    5:24-CV-1550
                                           (DJS)

FRANK BISIGNANO, *Commissioner of Social Security*,

                Defendant.

_____

**APPEARANCES:**                            **OF COUNSEL:**

OLINSKY LAW GROUP              HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      CANDACE BROWN CASEY, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

# MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 9 & 12, and Defendant's Motion for Judgment on the Pleadings. Dkt. No. 11. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1974, has past work experience in furniture sales, and reported that he completed seventh grade. Dkt. No. 6, Admin. Tr. ("Tr."), pp. 43, 273, & 278. Plaintiff alleges disability based on spinal fusion and nerve damage. Tr. at p. 277. On January 21, 2022, Plaintiff applied for disability insurance benefits. *See* Tr. at p. 10. Plaintiff's application was initially denied on March 24, 2022, and upon reconsideration on August 8, 2022. Tr. at pp. 137-147 & 150-160. Plaintiff thereafter timely requested a hearing before an Administrative Law Judge ("ALJ"). *See* Tr. at p. 187. Plaintiff subsequently appeared and testified at a hearing before ALJ Bruce Fein

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

2

on January 16, 2024. Tr. at pp. 39-66. A vocational expert also testified at the hearing. *Id.* On January 30, 2024, ALJ Fein issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-23. On November 19, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

The ALJ found that Plaintiff last met the insured status requirements under the Social Security Act on December 31, 2020, and had not engaged in substantial gainful activity between October 1, 2020, his amended onset date, and December 31, 2020. Tr. at p. 12. Second, the ALJ found that Plaintiff's lumbar spine degenerative disc disease status-post decompression and fusion surgery in 2016, being blind in his left eye, and his obesity were severe impairments. Tr. at p. 13. Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at pp. 14-15. Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations:

> all postural limitations on an occasional basis but should not climb ropes, ladders, or scaffolds. The claimant should avoid even moderate exposure to unprotected heights and hazardous machinery. The claimant should be limited to occupations that only occasionally require near acuity and no binocular vision but retains sufficient visual acuity to work with larger objects and avoid workplace hazards.

3

Tr. at p. 15.

Next, the ALJ found that Plaintiff was unable to perform his past relevant work. Tr. at p. 21. The ALJ then found that Plaintiff was a "younger individual" on the date last insured and had a limited education. *Id.* Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform several jobs existing in significant numbers in the national economy. Tr. at p. 21. Finally, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at p. 22.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).  The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III. DISCUSSION

Plaintiff challenges the findings of the ALJ that he was not disabled, specifically that the ALJ erred in failing to account for the limiting effects of Plaintiff's severe impairments.  In doing so, Plaintiff alleges that the ALJ improperly evaluated the opinion of Dr. Andrew Rogall, Plaintiff's primary care provider.  *See generally* Dkt. No. 9, Pl.'s Mem. of Law.  The Commissioner responds that there were no errors in the consideration of Plaintiff's claim and that substantial evidence supports the determination.  Dkt. No. 11, Def.'s Mem. of Law at pp. 5-9.

### A. Dr. Rogall's Opinion

Dr. Rogall provided a medical opinion in which he detailed significant limitations.  Tr. at pp. 974-976.  In it, he opined that Plaintiff could sit for only fifteen minutes at a time and stand for only twenty.  Tr. at p. 974.  He found that Plaintiff could sit or stand for only four hours in a workday and must be able to change positions at will.  Tr. at p. 975.  Dr. Rogall further gave his opinion that Plaintiff could rarely lift up to ten pounds and never more than that.  *Id.*  He indicated that Plaintiff could never twist,

stoop, bend, crouch, squat, or climb ladders or stairs. *Id.* He finally stated that Plaintiff would be off task more than 20% of each workday. Tr. at p. 976.

The ALJ found Dr. Rogall's opinion "unpersuasive." Tr. at p. 19. In doing so, the ALJ noted:

> Dr. Rogall's opinion is unsupported by and inconsistent with the longitudinal record, including the opinion of Dr. Bianco that the claimant can perform sedentary work and lift up to 10 pounds (Exhibits C2F10; C3F5); the claimant's generally normal physical examinations, including those documented in Dr. Rogall's own treatment notes, shortly before, during, and shortly after the period at issue revealing 5/5 strength in the extremities with normal sensation and no tenderness as well as no abnormal musculoskeletal examination findings (Exhibits C5F21, 23, 27; C11F86,115, 129); and the claimant's limited and conservative treatment during the period at issue (Exhibits C5F20, 22). Additionally, the record contains no clinical findings during the period at issue to support Dr. Rogall's opinion regarding manipulative limitations; shifting positions at will from sitting, standing, or walking; and use of a cane intermittently.

Tr. at p. 20.

Plaintiff contends that these findings were in error because the longitudinal record is, in fact, consistent with Dr. Rogall's opinion. Pl.'s Mem. of Law at p. 6. Consideration of this argument begins with the well-recognized principle that "it is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record where the record provides sufficient evidence for such a resolution." *Kami v. Comm'r of Soc. Sec.*, 2020 WL 13557910, at *7 (W.D.N.Y. Jan. 29, 2020) (quoting *Micheli v. Astrue*, 501 F. App'x 26, 29 (2d Cir. 2012)).

Having reviewed the record and the arguments of the parties, the Court finds no error in the ALJ's analysis.  The ALJ properly noted that Plaintiff only treated with Dr. Rogall once during the period relevant to the disability period.  Tr. at pp. 661-662.  On that occasion, Plaintiff was seen for ear pain.  Tr. at p. 661.  On that date, Plaintiff did not present with any other physical symptoms or complaints of pain.  *Id.*  The only assessment related to Plaintiff's severe medical impairments was a notation of his body mass index, but no new treatment or plan was put forth during that appointment.  Tr. at p. 662.

The ALJ's assessment that Plaintiff's other treatment with Dr. Rogall does not support the significant limitations offered in the medical opinion is well-supported in the record.  Dr. Rogall's exam findings, inside and outside of the relevant time period, did not show any musculoskeletal abnormalities that would support the lifting, standing, and sitting limitations in Dr. Rogall's opinion.  *See* Tr. at pp. 651, 655, 657, 660, & 662.  Plaintiff did present with back and leg pain or numbness on several occasions.  Tr. at pp. 659 & 665.  Throughout his treatment history, however, Dr. Rogall noted that Plaintiff was not in any acute distress.  Tr. at pp. 657 & 660.  The record also supports the ALJ's finding that there are "no clinical findings during the period at issue to support Dr. Rogall's opinion regarding manipulative limitations."

Tr. at p. 20. In fact, the record reveals no such findings during the entire span of Dr. Rogall's treatment of Plaintiff.

Plaintiff's citation to medical reports three or four years prior to Dr. Rogall's treatment of Plaintiff, Pl.'s Mem. of Law at pp. 6-7, do not demonstrate that the ALJ erred in evaluating Dr. Rogall's opinion. Plaintiff's amended onset date is October 1, 2020. Tr. at p. 10. The records cited by Plaintiff come from as far back as September 2016. Tr. at pp. 671-672. While such records are properly considered by the ALJ, "medical evidence that predates the alleged disability onset date is ordinarily not relevant to evaluating a claimant's disability." *Penny M. v. Comm'r of Soc. Sec.*, 2025 WL 2548801, at *5 (N.D.N.Y. July 10, 2025), *report and recommendation adopted sub nom. Penny M. v. Bisignano*, 2025 WL 2408601 (N.D.N.Y. Aug. 20, 2025) (quoting *Angele J. W. v. Comm'r of Soc. Sec.*, 2024 WL 4204301, at *5 (N.D.N.Y. July 24, 2024), *report and recommendation adopted*, 2024 WL 4204017 (N.D.N.Y. Sept. 16, 2024)). The ALJ's purported failure to properly weigh this evidence, therefore, was not error. *Briscoe v. Astrue*, 892 F. Supp. 2d 567, 582 (S.D.N.Y. 2012) (citing cases).

Nor did the ALJ err in not including specific requirements for alternating between sitting or standing or off task limitations identified by Dr. Rogall in the RFC. *See* Pl.'s Mem. of Law at pp 8-9. An ALJ is not required to adopt all restrictions

9

identified in an opinion he finds persuasive, *Bush v. Comm'r of Soc. Sec.*, 2017 WL 4621096, at *8 (N.D.N.Y. Oct. 13, 2017), so he clearly was not obligated to adopt restrictions in an opinion he found unpersuasive. *Angelo Michael G. v. Kijakazi*, 2023 WL 4763792, at *6 (N.D.N.Y. July 26, 2023).

To the extent that Plaintiff also contends that the ALJ failed to provide a sufficient consistency and supportability analysis of Dr. Rogall's opinion, the argument is unpersuasive. Supportability and consistency are "[t]he most important factors," 20 C.F.R. § 416.920c(a), in evaluating medical opinions under current Social Security regulations. "[S]upportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1). "[C]onsistency" means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2).

"In analyzing the supportability factor, 'the ALJ must conduct an inquiry confined to the medical source's own records that focuses on how well a medical

source supported and explained their opinion.'" *James v. Comm'r of Soc. Sec.*, 2026 WL 305068, at *4 (E.D.N.Y. Feb. 5, 2026) (quoting *Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 30 (S.D.N.Y. 2022)).  Here, in evaluating the opinion of Dr. Rogall, the ALJ noted that the limitations opined for Plaintiff are not supported by Dr. Rogall's objective clinical findings.  Tr. at p. 20.  That Dr. Rogall's records note long-term diagnosis does not alone establish support for the limitations set forth in the opinion since the mere diagnosis does not say anything about Plaintiff's limitations.  *Ashley M. v. Comm'r of Soc. Sec.*, 2023 WL 3033283, at *5 (D. Vt. Apr. 21, 2023); *Ann C. v. Comm'r of Soc. Sec.*, 2020 WL 4284132, at *7 (N.D.N.Y. July 24, 2020); *Tammie S. v. Berryhill*, 2019 WL 859263, at *10 (N.D.N.Y. Feb. 22, 2019).  Plaintiff contends that the ALJ failed to properly address "the supporting explanations provide by Dr. Rogall in the medical opinion itself."  Pl.'s Mem. of Law at p. 10; *see also id.* at p. 11 ("The ALJ did not explicitly address whether Dr. Rogall's limitations were supported by the explanations provided in his opinion.").  While the ALJ did not specifically address supporting material directly in the opinion, this does not provide a basis for remand because Dr. Rogall's opinion did not provide any meaningful narrative explanation of his opinion that could have been addressed.  *See* Tr. at pp. 974-978.

    The ALJ also clearly addressed the consistency factor.  The ALJ noted that Dr. Rogall's opinion was inconsistent with other evidence in the record.  Tr. at p. 20.  He

11

went on to note that other evidence in the record and other medical opinions did not support the level of functional difficulty cited in Dr. Rogall's opinion.  This included citation to examination notes from Doctors Karpman and Bianco which, while noting some limitations, often reported generally normal findings.  Tr. at pp. 18-19.  The ALJ, for example, credited portions of Dr. Bianco's opinion when they were supported by Dr. Bianco's own records, and consistent with the opinion of Dr. Karpman, and other examination findings.  Tr. at p. 19.  The ALJ also carefully considered the opinions of other treating providers in light of what he viewed to be the most relevant medical evidence regarding Plaintiff's limitations.  Tr. at p. 20.

Plaintiff cites to other evidence in the record from appointments with Nurse Practitioner Jane Ogunsede which could provide support for greater limitations.  Pl.'s Mem. of Law at pp. 7-8 (citing Tr. at pp. 634-653).  These records do not provide a basis for finding the evaluation of Dr. Rogall's opinion unsupported by substantial evidence.  On June 1, 2021, for example, while Plaintiff presented with ongoing back pain and was found to have restricted range of motion, Plaintiff also had good hip, knee, and foot flexion and extension, and normal sensation in his lower extremities.  Tr. at p. 636.  Nerve block injections were ordered.  Tr. at p. 638-639.  It appears this is the only time Plaintiff treated with this provider, and she did not offer a medical opinion regarding Plaintiff's functional capabilities.  This single report does not

demonstrate that the ALJ erred in evaluating the longitudinal record or the consistency of Dr. Rogall's opinion.

The Court finds that the ALJ properly analyzed the opinion of Dr. Rogall, and his rejection of that opinion was supported by substantial evidence. Remand, therefore, is not warranted on that basis.

## B. Plaintiff's Self Described Limitations

Plaintiff also objects to the ALJ's evaluation of his testimony regarding his limitations. Pl.'s Mem. of Law at pp. 13-15. At the administrative hearing Plaintiff testified to doing some cooking, some laundry, and having little difficulty with most self-care activities. Tr. at p. 54. In his decision, the ALJ concluded that Plaintiff's testimony was "not entirely consistent with the medical evidence and other evidence in the record." Tr. at p. 16. He found, for example, that the testimony was inconsistent with Plaintiff's activity level, which included cooking, laundry, grocery shopping, and use of a wood stove. *Id.*

20 C.F.R. § 404.1529 specifically requires the Commissioner to consider objective as well as other information, including a claimant's own reporting in evaluating a claimant's abilities. The ALJ is tasked with evaluating a claimant's subjective reporting with the objective evidence in the record and retains significant discretion in doing so. *Raul G. v. Comm'r of Soc. Sec.*, 2026 WL 412085, at *13

13

(S.D.N.Y. Feb. 13, 2026). "An ALJ may properly reject subjective complaints after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Dominique v. Comm'r of Soc. Sec.*, 2014 WL 1202622, at *7 (N.D.N.Y Mar. 24, 2014) (internal quotations and alterations omitted).

In claiming error on the part of the ALJ in evaluating his subjective complaints, Plaintiff largely ties the ALJ's purported error to his improper evaluation of Dr. Rogall's opinion. Pl.'s Mem. of Law at pp. 13-14. As discussed above, however, the Court finds no error in that analysis. Independently, the Court finds that the ALJ adequately explained his findings. The ALJ was entitled to rely on Plaintiff's activities in assessing the limiting effects of his complaints. *Tenesha G. v. Comm'r of Soc. Sec.*, 2022 WL 35998, at *7 (N.D.N.Y. Jan. 4, 2022). Plaintiff's ability to do basic house chores clearly is some evidence of his functional abilities and were properly evaluated by the ALJ. Plaintiff's own testimony provided limits on his ability to engage in certain activities, Tr. at p. 54, so contrary to Plaintiff's assertions there was evidence in the record for the ALJ to evaluate the extent to which Plaintiff could engage in some of these activities. "An ALJ's evaluation of a social security claimant's subjective symptoms 'is entitled to substantial deference by a reviewing court.'" *Shari L. v.*

*Kijakazi*, 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022) (quoting *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019)); *see also Nichole L.Q. v. Kijakazi*, 2022 WL 874398, at *6 (N.D.N.Y. Mar. 24, 2022).  The Court finds no error in the ALJ's evaluation.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 3, 2026
       Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge